In a Dram Shop action, the vendor of alcohol and the intoxicated tort-feasor are subject to liability for damages for the same injury and may claim contribution among themselves as to compensatory damages awarded to the injured party (CPLR 1401; *Smith v Guli,* 106 AD2d 120, 122). In the *Bartlett* case we were confronted with a factual situation where the legislative policy of the Dram Shop Act would have been clearly thwarted and the potential recovery of the deceased vendee's dependents substantially diminished were we to have applied the principles of contribution *(Bartlett v Grande, supra,* p 673). Application of the public policy considerations expressed in *Bartlett* is not present in this record. In our view, contribution would not frustrate the legislative intent behind the statute imposing strict or absolute liability for disfavored conduct. As a matter of fact, as we view this record, the infant and her mother's estate may very well sustain a greater loss under the majority view and in the posture of these pleadings.

Furthermore, on this record, we would limit the right of contribution "in light of the universality of insurance and current doctrine favoring apportionment of damages among joint tort-feasors." *(Kelly v Diesel Constr. Div.,* 35 NY2d 1, 4.) Therefore, in view of the strong policy supporting apportionment of compensatory damages in accordance with relative culpability, Special Term's decision to deny third-party defendant's motion to dismiss the cross claim should be affirmed. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—dismiss third-party complaint.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.

■ ANN M. CASTRONOVA, Appellant, v GARY CASTRONOVA, Respondent. (Appeal No. 1.)—Order unanimously affirmed, without costs *(see, Kwartler v Kwartler,* 291 NY 689; *Castronova v Castronova,* 94 AD2d 979). (Appeal from order of Supreme Court, Monroe County, Conway, J.—blood-grouping test.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.

■ ANN M. CASTRONOVA, Appellant, v GARY CASTRONOVA, Respondent. (Appeal No. 2.)—Appeal unanimously dismissed as moot. (Appeal from order of Monroe County Family Court, Corbett, J.—blood-grouping test.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.

■ JON JONASSE, Respondent, v KAREN JONASSE (GORMAN), Appellant.—Order unanimously reversed, on the law, without